IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO GAVALDON,

    Plaintiff,                          No. CIV S- 05-354 MCE GGH P

    vs.

TULARE COUNTY JAIL, et al.,

    Defendants.                  ORDER

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This case was transferred from the Fresno division because the Tulare County defendants had been dismissed and "[t]he majority of the remaining claims are for conduct that occurred at Mule Creek State Prison." See Transfer Order, filed in this court on February 16, 2005.

        This court's review of the March 15, 2004 complaint indicates that the gravamen of plaintiff's allegations center on the Tulare County defendants, whose dismissal is now the law of the case.[1] Also included are claims against at least one defendant at California Men's Colony.

---

[1] Under the "law of the case" doctrine, decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

1

In order to clarify plaintiff's remaining allegations, the court will dismiss the complaint with leave to amend, within 30 days, so that plaintiff may set forth the relevant remaining claims against the Mule Creek State Prison defendants in this action. As to any claims against any defendant at California Men's Colony, plaintiff may choose to file a separate action in the Central District as those claims arose in San Luis Obispo County within the Central District of California.

Should plaintiff not choose to file an amended complaint, within 30 days, setting forth his allegations against the Mule Creek Prison defendants and any other remaining claims, the court will screen the March 15, 2004 complaint to determine whether any of the remaining claims therein are cognizable pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

IT IS SO ORDERED.

DATED: 6/15/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gava0354.ord